John M. DICKSON, Jr., Plaintiff–
Appellant,

v.

Bonnie L. JONES, Honorable Judge, in her official & individual capacity; Honorable Judge Bryant Sugg, in his official & individual capacity; Jane Doe, Honorable Special Justice, in her official & individual capacity; Linda D. Curtist, Commonwealth of Virginia Attorney General of the City of Hampton, in her official & individ-

ual capacity; Diane Nelms, Former Commonwealth of Virginia Assistant Attorney General of the City of Hampton, in her official & individual capacity; Howard E. Gwynn, Commonwealth of Virginia Attorney General of the City of Newport News, in his official & individual capacity; Attorney General Eric Holder, U.S. Department of Justice, in his official & individual capacity; Director Robert S. Mueller, III, Federal Bureau of Investigation, in his official capacity; Mr. Larry A. Brener, Assistant Attorney General, U.S. Department of Justice Criminal Division, in his official & individual capacity; Mr. Steve Wade, Federal Bureau of Investigation, Norfolk Field Office, Infragard Program President, in his official & individual capacity; Technical Agents John/Jane Does, Federal Bureau of Investigation, Norfolk Field Office, in their individual capacities, acting under color of federal law; Technical Agents John/Jane Does, Federal Bureau of Investigation, N.Y. Field Office, in their individual capacities acting under color of federal law; Technical Agents John/Jane Does, Federal Bureau of Investigation, Hampton Field Office, in their individual capacities, acting under color of federal law; John Does, United States Marshals Service, in their individual capacities, acting under color of federal law; City of Hampton, Virginia, in its individual capacity as a person; Charles Jordan, City of Hampton Police Chief, in his individual capacity, acting under color of state law; John/Jane Does, City of Hampton Police Officers, in their individual capacities, acting under color of state law, James A. Gray, City of Hampton Fireman, in his individual capacity, acting under color of

state law; John/Jane Does, City of Hampton Firemen, in their individual capacities, acting under color of state law; City of Newport News, Virginia, in its individual capacity as a person; James D. Fox, City of Newport News Police Chief, in his individual capacity, acting under color of state law; John/Jane Does, City of Newport News Police Officers, in their official capacities, acting under color of state law; Christina O'Brien, Public Defender of the City of Hampton, in her official capacity, acting under color of state law; Attorney Robert G. Saunders, in his official capacity, acting under color of state law; Attorneys Deborah M. Wagner, /Michael A. Hyman, in their official capacities, acting under color of state law; Attorney Elizabeth Vinson, PLC, in her official capacity, acting under color of state law; Doctor Richard G. Griffin, Psy. D., Licensed Clinical Psychologist, Forensic Examiner, in his official capacity, acting under color of state law; Doctor Sayeed Ashan, Forensic Psychiatrist, in his official capacity, acting under color of state law; Doctor Hasmukh Vyas, Lead Forensic Psychiatrist, in his individual capacity acting under color of state law; Doctor Michael L. Kohn, Forensic Psychologist, in his individual capacity, acting under color of state law; Diane Sawyer, of The American Broadcasting Company, in her individual capacity acting under color of federal & state law; Robin Roberts, of The American Broadcasting Company, in her individual capacity, acting under color of federal & state law; Mr. Jim Murphy, Senior Executive Producer of A.B.C., in his individual capacity, acting under color of federal & state law; New York Police Department, Midtown North Precinct, in its individual capacity as a person, acting under color of state law; Chief William Matusiak, New York Police Department Midtown North Precinct, in his individual capacity, acting under color of state law; John/Jane Does, Detectives & Police Officers, New York Police Department, Midtown North Precinct, in their individual capacities, acting under color of state law; Mr. Michael Frazier, Social Worker, in his individual capacity, acting under color of state law, Defendants–Appellees.

No. 10–2193.

United States Court of Appeals, Fourth Circuit.

Submitted: Jan. 18, 2011.

Decided: Jan. 25, 2011.

John M. Dickson, Jr., Appellant Pro Se.

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John M. Dickson, Jr., appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint as frivolous under 28 U.S.C. § 1915(e)(2)(1) (2006). We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Dickson v. Jones*, No. 4:10–cv–00096–RBS–DEM (E.D. Va. filed Aug. 23, 2010; entered Aug. 24, 2010). We dispense with oral argument because the facts and legal conten-

692

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

cumstances. *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *United States v. Moussaoui,* 333 F.3d 509, 516–17 (4th Cir.2003). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Ass'n,* 860 F.2d 135, 138 (4th Cir. 1988). The relief sought by Dougherty is simply not available by way of mandamus.* Accordingly, we deny the petition for a writ of mandamus. We further deny Dougherty's motion to supplement the record on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.